**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **PATRICK A. PHILLIPS, et al.,** | : | |
| **Plaintiffs,** | : | **Case No. 2:04-cv-207** |
| **v.** | : | **Judge Holschuh** |
| **DEPUTY TROY STEVENS, et al.,** | : | **Magistrate Judge Abel** |
| **Defendants.** | : | |
| | : | |

**MEMORANDUM OPINION & ORDER**

Plaintiffs Patrick Phillips and Timothy Mollette filed suit against numerous law enforcement officials, the City of Columbus, and RST Concerts, Inc. ("RST"), seeking relief under 42 U.S.C. § 1983 for alleged violations of their Fourth and Fourteenth Amendment rights. This matter is currently before the Court on Plaintiffs' and RST's cross-motions for summary judgment (Record at 35 and 41).[1]

**I.        Background and Procedural History**

The Rolling Stones performed at Nationwide Arena in Columbus on October 20, 2002 as part of their North American Concert Tour. Plaintiffs, Patrick Phillips and Timothy Mollette, attended the concert. While they were there, they purchased Rolling Stones t-shirts and other souvenirs. Defendants Deputy Troy Stevens and Deputy Sanford Crayton, two off-duty Franklin County Sheriff's Department employees, were also at Nationwide Arena that night, working a special duty assignment. The deputies, dressed in plain clothes, were hired to patrol the area

---

[1] Four other motions for summary judgment remain pending and will be resolved in a separate Memorandum Opinion and Order.

outside Nationwide Arena and to confiscate bootleg Rolling Stones merchandise pursuant to a civil injunction issued by a federal district court in Massachusetts.

According to the Amended Complaint, as Plaintiffs were leaving the arena after the concert ended, they were approached by Crayton and Stevens. One of the undercover deputies allegedly grabbed the bag containing the Rolling Stones merchandise which Plaintiffs had, in fact, purchased from an authorized vendor inside the arena. Plaintiffs, who believed they were being robbed, protested and held tight to the bag. A fight ensued. Other uniformed police officers in the area intervened and, according to Plaintiffs, only then did Crayton and Stevens identify themselves as undercover law enforcement officers. The Amended Complaint alleges that Stevens, Crayton, and the other officers then physically assaulted Plaintiffs, handcuffed them, and charged them with various offenses, all of which were eventually resolved in favor of Plaintiffs.

On October 12, 2004, Plaintiffs filed suit against the law enforcement officers, Sheriff Jim Karnes, the City of Columbus, and RST Concerts, Inc., seeking relief under 42 U.S.C. § 1983 for alleged violations of their constitutional rights. Plaintiffs and RST have filed cross-motions for summary judgment. At issue is whether RST is a proper party defendant.

## II.      Standard for Granting Summary Judgment

Although summary judgment should be cautiously invoked, it is an integral part of the Federal Rules, which are designed "to secure the just, speedy and inexpensive determination of every action." Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1). The standard for summary judgment is found in Federal Rule of Civil Procedure 56(c):

> [Summary judgment] . . . shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if

> any, show that there is no genuine issue as to any material fact and that the
> moving party is entitled to judgment as a matter of law.

Summary judgment will be granted "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is . . . [and where] no genuine issue remains for trial, . . . [for] the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try." Poller v. Columbia Broadcasting Sys., 368 U.S. 464, 467 (1962) (quoting Sartor v. Arkansas Natural Gas Corp., 321 U.S. 620, 627 (1944)). See also Lansing Dairy, Inc. v. Espy, 39 F.3d 1339, 1347 (6th Cir. 1994).

Moreover, the purpose of the procedure is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried. Lashlee v. Sumner, 570 F.2d 107, 111 (6th Cir. 1978). The court's duty is to determine only whether sufficient evidence has been presented to make the issue of fact a proper question for the jury; it does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Weaver v. Shadoan, 340 F.3d 398, 405 (6th Cir. 2003).

In a motion for summary judgment, the moving party bears the initial burden of showing that no genuine issue as to any material fact exists and that it is entitled to a judgment as a matter of law. Leary v. Daeschner, 349 F.3d 888, 897 (6th Cir. 2003). All the evidence and facts, as well as inferences to be drawn from the underlying facts, must be considered in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986); Wade v. Knoxville Util. Bd., 259 F.3d 452, 460 (6th Cir. 2001). Additionally, any "unexplained gaps" in materials submitted by the moving party, if pertinent to material issues of fact, justify denial of a motion for summary judgment. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157-60 (1970).

3

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson, 477 U.S. at 247-48 (emphasis in original).  A "material" fact is one that "would have [the] effect of establishing or refuting one of [the] essential elements of a cause of action or defense asserted by the parties, and would necessarily affect [the] application of [an] appropriate principle of law to the rights and obligations of the parties." Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir. 1984).  See also Anderson, 477 U.S. at 248.  An issue of material fact is "genuine" when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. See also Leary, 349 F.3d at 897.

If the moving party meets its burden, and adequate time for discovery has been provided, summary judgment is appropriate if the opposing party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 322.  The nonmoving party must demonstrate that "there is a genuine issue for trial," and  "cannot rest on her pleadings." Hall v. Tollett, 128 F.3d 418, 422 (6th Cir. 1997).  Federal Rule of Civil Procedure 56 (e) states:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

The existence of a mere scintilla of evidence in support of the opposing party's position

4

is insufficient; there must be evidence on which the jury could reasonably find for the opposing party. Anderson, 477 U.S. at 252. The nonmoving party must present "significant probative evidence" to demonstrate that "there is [more than] some metaphysical doubt as to the material facts." Moore v. Phillip Morris Companies, Inc., 8 F.3d 335, 340 (6th Cir. 1993). The court may, however, enter summary judgment if it concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the presented evidence. Anderson, 477 U.S. at 251-52; Lansing Dairy, Inc., 39 F.3d at 1347.

The standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation. Taft Broad. Co. v. U.S., 929 F.2d 240, 248 (6th Cir.1991). "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits." Id. (citations omitted).

## III.    Discussion

The Amended Complaint alleges that RST Concerts, Inc. is a "private corporation" that was the "employer, master and/or principal of Defendants . . . Stevens and Crayton." (Amd. Compl. ¶ 7). It further alleges that Stevens and Crayton were acting within the scope of their employment as agents of RST, and that RST failed to adequately train and supervise them. (Id. at ¶ 20). In its Answer, RST denied that it employed Stevens and Crayton. This prompted the parties to file cross-motions for partial summary judgment on the limited issue of whether Deputy Stevens and Deputy Crayton were acting as agents or employees of RST during the

5

incident in question.

In their motion for summary judgment, Plaintiffs argue that there can be no question that Stevens and Crayton were acting as agents, servants and/or employees of RST. Citing Ohio law, they then argue that RST, as the employer, can be held liable for the tortious conduct of Stevens and Crayton committed in the scope of their authority or employment.

The relevant facts are undisputed. Stevens and Crayton are deputies with the Franklin County Sheriff's Department. They were hired to work a special-duty undercover assignment on the night of the Rolling Stones concert. When they reported for duty, they were met by Peter Merluzzi, a security consultant for the Rolling Stones Tour. Merluzzi told the deputies that their job was to enforce a nationwide preliminary injunction that had been issued to RST Concerts, Inc. by a district court in Massachusetts. The injunction enjoined bootleggers from manufacturing, selling and/or distributing merchandise bearing the name, logo, likeness or trademark of the Rolling Stones. The injunction also permitted federal and state law enforcement officials, as well as RST's "counsel, representatives, or individuals acting under their respective authorization or supervision" to "seize and impound any and all Infringing Merchandise" being sold in the vicinity of the concerts. (Ex. 5 to Pls.' Mot. Summ. J. at 3-4).

In a declaration submitted by RST in support of its motion for injunctive relief, Merluzzi stated, "I am employed by plaintiff RST Concerts, Inc. as a security consultant in connection with merchandising and 'bootleg' security . . . I am authorized by plaintiff to make this declaration." (Ex. 4 to Pls.' Mot. Summ. J. at ¶ 1). Merluzzi gave the deputies copies of the injunction and pictures of some of the bootleggers who had been at other Rolling Stones concerts. At the end of the evening, Merluzzi paid the deputies in cash. Plaintiffs argue that

since Stevens and Crayton were hired by Merluzzi, who was an employee of RST, RST is subject to liability for the deputies' conduct.

RST filed a response to Plaintiffs' motion, combined with its own motion for summary judgment. RST denies that Stevens and Crayton were acting as its agents, servants or employees. RST contends that Stevens and Crayton were actually hired by GE Tour USA, Inc. ("GE Tour"), and that Plaintiffs erroneously named RST as a party defendant. On March 15, 2002, RST entered into a Tour Agreement with GE Tour. (Ex. 1 to RST's Mot. Summ. J.). That agreement granted GE Tour the exclusive right to promote the Rolling Stones Concert Tour, and to sell licensed Rolling Stones merchandise. (Id.; Rascoff Aff. at ¶ 4). That agreement also imposed on GE Tour a duty to "take all steps which it deems proper, necessary or appropriate to prevent the sale of unauthorized merchandise at or in the general vicinity of all concert sites." (Ex. F to Tour Agreement at ¶ 4(b)). RST expressly gave GE Tour permission to seek injunctions in RST's name to prevent the sale of bootleg merchandise. (Id.). According to Joseph Rascoff, Vice President of RST, this is precisely what GE Tour did. Rascoff states that RST played no part in obtaining the injunction. (Rascoff Aff. ¶ 8). Rascoff further states that "Peter Merluzzi was a contract consultant and not an employee of RST." (Id.). RST then argues that because Stevens and Crayton were not employees or agents of RST, but were instead hired by GE Tour and/or Peter Merluzzi, RST cannot be held be held vicariously liable for the deputies' tortious acts.[2]

---

[2] RST also argues that because GE Tour was an independent contractor and RST retained no right to control the mode and manner of protecting the Rolling Stones' trademark rights, RST cannot be held liable for GE Tour's negligence.

In their memorandum in opposition to RST's motion for summary judgment, Plaintiffs concede that it would probably be inappropriate for the Court to grant Plaintiffs' motion for partial summary judgment.  Plaintiffs agree that RST has submitted sufficient evidence to create a genuine issue of material fact concerning whether Stevens and Crayton were agents or employees of RST.  Plaintiffs also, however, argue that RST is not entitled to summary judgment because, based on the fact that the injunction was issued only in RST's name and the fact that Merluzzi represented himself to be an employee of RST, a reasonable jury could still find that Stevens and Crayton were, in fact, employed by RST on the evening in question.  In its reply brief, RST notes that Plaintiffs present no new evidence to refute the evidence presented by RST concerning GE Tour's involvement.  RST again argues that, based on the evidence presented, no reasonable jury could find that Stevens and Crayton were acting as agents or employees of RST on the night of the concert.

As a threshold matter, the Court questions the purpose of the parties' lengthy discussions of vicarious liability.  As the Court reads Plaintiffs' Amended Complaint, Plaintiffs have not asserted any tort claims against RST.  In fact, RST is mentioned only twice in the Amended Complaint.  In the "Parties" section, RST is described as "a private corporation . . . responsible for the sale of merchandise at the Rolling Stones concert" and "the employer, master and/or principal of Defendants . . . Stevens and Crayton."  (Amd. Compl. ¶ 7).  In the "Facts" section, Plaintiffs allege that "Defendants Crayton and Stevens were acting within the scope of their employment as agents of RST Concerts, Inc." and that RST "failed to adequately train and supervise Defendants Stevens and Crayton, proximately causing the events alleged herein."  (Id. at ¶ 20).  While these factual allegations might give rise to a common law claim of negligent

training or negligent supervision, the Amended Complaint contains only three causes of action:

FIRST CLAIM

22.     The said acts by the Defendants constitute violations of the
        Plaintiffs' rights guaranteed by the Fourth and Fourteenth
        Amendments to the United States Constitution, and 42
        U.S.C. § 1983. These constitutional violations included
        unlawful searches and seizures of the Plaintiffs, unlawful
        seizures of their personal property, arrest without probable
        cause, excessive and unnecessary force, and prosecution
        without probable cause.

SECOND CLAIM

23.     Said acts by Defendants Stevens, Crayton and Kirkpatrick
        were proximately caused by certain customs and polices
        [sic] of Defendant Karnes . . .

THIRD CLAIM

24.     The said acts of Defendants Paige, Paden, Richardson and
        Barnes were proximately caused by certain customs and
        policies of Defendant City of Columbus . . .

Amd. Compl. ¶¶ 22-24.

RST is arguably implicated only in the First Claim, which asserts a § 1983 claim against "the Defendants." Plaintiffs have not explained how RST, a private corporation, can be held liable as a state actor under § 1983.[3] In any event, neither municipalities or private corporations can be held vicariously liable for the acts of their employees under § 1983. See Street v. Corrections Corp. of America, 102 F.3d 810, 818 (6th Cir. 1996) (quoting Harvey v. Harvey, 949 F.2d 1127, 1129-30 (11th Cir. 1992)). Plaintiffs must establish that a custom or policy of RST caused the alleged constitutional violations.

---

[3] RST has not raised this issue, and the Court makes no determination concerning whether RST could, in fact, be held liable as a state actor.

9

Plaintiffs' claim against RST appears to be based on an alleged failure to adequately supervise and train Stevens and Crayton.  But clearly, RST had no duty to train or supervise Stevens and Crayton unless the deputies were, in fact, employees or agents of RST.  Based on the evidence presented, the Court concludes that no reasonable jury could find that Stevens and Crayton were employees or agents of RST.

Plaintiffs have offered no evidence to refute RST's claim that GE Tour and/or Peter Merluzzi hired Stevens and Crayton to enforce the injunction pursuant to the terms of the Tour Agreement.  The fact that GE Tour sought injunctive relief in RST's name, as it was contractually permitted to do, does not create a genuine issue of material fact concerning who actually employed Stevens and Crayton to enforce the injunction.  Moreover, the fact that Merluzzi stated in his sworn declaration that he was "employed by plaintiff RST Concerts, Inc. as a security consultant," does not create a genuine issue of material fact.  Companies often employ independent contractors to work as consultants.  Plaintiffs have presented absolutely no evidence to refute Rascoff's statement that Merluzzi was not an employee of RST.

## IV.    Conclusion

Finding no genuine issue of material fact concerning whether Stevens and Crayton were agents or employees of RST, the Court **DENIES** Plaintiffs' motion for partial summary judgment against Defendant RST Concerts, Inc. (Record at 35), and **GRANTS** Defendant RST Concerts, Inc.'s motion for summary judgment (Record at 41).

**IT IS SO ORDERED.**

Date: September 11, 2006                    **/s/ John D. Holschuh**
                                            John D. Holschuh, Judge
                                            United States District Court

10
